## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRAYDEN URDAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SWEEPSTEAKS LIMITED d/b/a STAKE.US,<br><br>*Defendant*. | Case No. 1:25−cv−03736<br><br>Hon. Jorge L. Alonso |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's April 17, 2025, Minute Order (Dkt. 8), Plaintiff Brayden Urdan and Defendant Sweepsteaks Limited d/b/a Stake.us (collectively, the "Parties") submit the following Joint Initial Status Report:

**I.      Nature of the Case**

**A.      State the basis for federal jurisdiction.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because (i) at least one member of the Class is a citizen of a different state than any Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to this action. Plaintiff Brayden Urdan is a natural person and citizen of the State of Illinois.

Defendant is a limited company incorporated under the laws of Cyprus and maintains its principal place of business in Cyprus.

**B.      Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims.**

**Plaintiff's view**: In this putative class action, Plaintiff alleges that Defendant's online

"sweepstakes" casino constitutes illegal gambling. Plaintiff seeks to reclaim money he lost while playing Defendant's games. On behalf of himself and putative classes of similarly situated individuals, Plaintiff alleges claims under the Illinois Loss Recovery Act ("ILRA"), 720 ILCS 5/28-8; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, *et seq.*; and for unjust enrichment.

**Defendant's view:** Defendant does not intend to bring counterclaims or third-party claims. Defendant intends to file a motion to compel arbitration and a motion to dismiss for failure to state a claim.

  **C. Describe the relief sought.**

Plaintiff, individually and on behalf of the putative classes, seeks damages in excess of $5,000,000; a declaration that Defendant's conduct is unlawful under 720 ILCS 5/28-8 and 815 ILCS 505/1, *et seq*; an injunction enjoining Defendant from continuing the illegal conduct in Illinois; restitution to Plaintiff and the members of the Classes in an amount to be determined at trial; reasonable attorneys' fees and expenses; pre- and post-judgment interest, to the extent allowable; and any such other and further relief as equity and justice require, including all forms of relief provided for under Plaintiff's claims.

Defendant agrees that Plaintiff purports to seek such relief, but denies Plaintiff's claims and denies that Plaintiff and the putative classes are entitled to any such relief.

  **D. State whether there has been a jury demand.**

Plaintiff demands a trial by jury.

  **E. List the names of any parties who have not yet been served.**

All Parties have been served.

**II. Discovery and Pending Motions**

  **F. Pending motions**

There are no motions pending at this time. Defendant's responsive pleading deadline is July 8, 2025.

### G.      Proposed Discovery and Case Management Schedule

**Plaintiff's view**: The Parties held a Rule 26(f) conference on May 20, 2025. During this conference, Defendant indicated that it intends to move to stay discovery pending resolution of its forthcoming motion to compel arbitration. Plaintiff does not oppose a discovery stay, provided that Defendant agrees to work with Plaintiff in good faith to provide information that may be needed to resolve the arbitration motion, including the following categories of information:

- (1) The date Defendant contends Plaintiff signed up for Stake.us.

- (2) The date(s) Defendant contends Plaintiff agreed to Stake.us's terms of service.

- (3) The mechanism by which Plaintiff signed up for Stake.us (i.e., via email, Facebook, or Google).

- (4) Screenshots of the sign-up workflow in place at the time Defendant contends Plaintiff signed up or otherwise agreed to the terms.

- (5) All versions of Stake.us's terms of service between the date Plaintiff signed up and present.

- (6) Any communications or other notifications Defendant contends Stake.us sent Plaintiff notifying him of updated terms of service.

Defendant has indicated that it is willing to provide some of this information, but the Parties are still conferring on the scope and timing of this production.

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | July 2, 2025 |

3

| Amendment to the Pleadings | February 10, 2026 |
|---|---|
| Completion of Fact Discovery | February 10, 2026 |
| Disclosure of Opening Expert Report(s) | March 10, 2026 |
| Disclosure of Rebuttal Expert Report(s) | April 10, 2026 |
| Deposition of Experts / Close of Expert Discovery | May 11, 2026 |
| Dispositive Motions | June 11, 2026 |

**Defendant's View**:

As noted above, the Parties continue to confer on the disclosure of certain information relevant to Defendant's forthcoming motion to compel arbitration. While Defendant expects that the Parties will be able to reach an agreement, if they do not, Defendant intends to move for a stay of discovery and initial disclosures pending resolution of Defendant's forthcoming motions. In either case, Defendant proposes the schedule below:

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | 30 days following entry of an order on Defendant's motion to compel arbitration or motion to dismiss for failure to state a claim, whichever is later. |
| Amendment to the Pleadings | 240 days after the Rule 26(a) Initial Disclosures |
| Completion of Fact Discovery | 240 days after the Rule 26(a) Initial Disclosures |
| Disclosure of Opening Expert Report(s) | 30 days after Amendment to the pleadings/Completion of Fact Discovery |
| Disclosure of Rebuttal Expert Report(s) | 30 days after Disclosure of Opening Expert Report(s) |
| Deposition of Experts / Close of Expert Discovery | 30 days after Disclosure of Rebuttal Expert Report(s) |
| Dispositive Motions | 30 days after Deposition of Experts / Close of Expert Discovery |

4

**H.     Type of discovery needed, including any potential electronic discovery or bifurcated discovery**

**Plaintiff's view**: Plaintiff anticipates taking discovery on at least the following non-exhaustive list of topics: (1) the total number of individuals who lost money playing Defendant's casino games, (2) the total amount of money lost by Plaintiff and members of the putative classes on Defendant's casino games, (3) the distribution of revenues Defendant collected from members of the putative class; (4) notes, memoranda, emails, studies, or other internal documents relating to the addictive qualities of Defendant's casino games; (5) the source code, developer notes, and databases underlying Defendant's casino games, (6) statistics relating to the putative class members' experience playing Defendant's casino games (e.g., including the average length of individual gameplay sessions for class members, the average amount of Gold Coins users have when they purchase additional coin packages that include Stake Cash, etc.); (7) the gameplay mechanics of the different casino games offered by Defendant; (8) Defendant's advertising and marketing practices; and (9) Defendant's contacts with, purposeful direction of activities toward, and purposeful availment of the laws of the State of Illinois—including through their corporate officers, corporate subsidiaries, and other agents.

Plaintiff does not think discovery needs to be conducted in phases or be limited to or focused on particular issues.

Plaintiff expects that Defendant has preserved all ESI, and sent Defendant a preservation letter to that effect on May 15, 2025. Plaintiff also anticipates that the Parties will discuss and agree on an ESI protocol.

**Defendant's view**: Defendant anticipates taking discovery on at least the following non-exhaustive list of topics: (1) Plaintiff's and putative class members' use of similar platforms

offered by other operators; (2) Plaintiff's and putative class members' participation in real-money gaming, betting, or wagering; (3) Plaintiff's and putative class members' communications with others about sweepstakes platforms; (4) Plaintiff's and putative class members' communications with other operators of similar sweepstakes platforms; (5) Plaintiff's and putative class members' understanding of the platform's operation; (6) Plaintiff's ability to provide adequate representation to the putative Classes; (7) typicality of Plaintiff's claims; and (8) whether claims of putative class members are subject to mandatory arbitration.

Given the nature of the claims and defenses in this action, Defendant does not believe that Plaintiff is entitled to discovery on the following non-exhaustive list of topics: (1) the distribution of revenues Defendant collected from members of the putative class; (2) notes, memoranda, emails, studies, or other internal documents relating to the addictive qualities of Defendant's casino games; (3) the source code, developer notes, and databases underlying Defendant's casino games; (4) statistics relating to the putative class members' experience playing Defendant's casino games (e.g., including the average length of individual gameplay sessions for class members, the average amount of Gold Coins users have when they purchase additional coin packages that include Stake Cash, etc.); (5) the gameplay mechanics of the different casino games offered by Defendant.

Subject to Defendant's forthcoming motion to stay discovery, at this time, Defendant does not think discovery needs to be conducted in phases or limited to particular issues.

**I.      Protective Orders**

**Plaintiff's view**: Plaintiff expects that the Parties will discuss and agree on a version of the Northern District of Illinois Local Rule 26.2 model confidentiality order.

**Defendant's view**: Subject to Defendant's view that no discovery should be taken until

6

the Court has ruled on Defendant's forthcoming motions, Defendant agrees with Plaintiff's view.

## III. Settlement and Referrals

### A. Settlement Discussions

The Parties have not engaged in settlement discussions as of this date.

### B. Settlement Conference

The Parties do not request a settlement conference at this time.

### C. Consent to Proceed Before a Magistrate Judge

Counsel have informed their respective clients that they may proceed before a Magistrate Judge. The Parties do not unanimously consent to proceed before a Magistrate Judge.

Respectfully Submitted,

**BRAYDEN URDAN,** individually and on behalf of all others similarly situated,

Dated: June 18, 2025

By: */s/ Michael Ovca*
One of Plaintiff's Attorneys

J. Eli Wade-Scott
ewadescott@edelson.com
Michael Ovca
movca@edelson.com
Ari J. Scharg
ascharg@edelson.com
Hannah Hilligoss
hhilligoss@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff and the putative classes*

**SWEEPSTEAKS LIMITED d/b/a STAKE.US**

Dated: June 18, 2025

By: */s/ A. Jeff Ifrah*
One of Defendant's Attorneys

7

A. Jeff Ifrah
jeff@ifrahlaw.com
Robert W. Ward
rward@ifrahlaw.com
Ifrah PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, D.C. 20006
(202) 524-4140

*Counsel for Defendant*