UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brayden Urdan, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-cv-3736 |
| v. | ) ) | Hon. Jorge L. Alonso |
| Sweepsteaks Limited d/b/a Stake.us | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant's motion to compel arbitration. For the reasons that follow, the Court denies Defendant's motion [12] without prejudice to refiling after discovery regarding contract formation. The parties shall file a joint status report by November 14, 2025, with proposed deadlines for such discovery. After discovery has been completed, the Court will set a briefing schedule for a renewed motion to compel arbitration.

## STATEMENT

On July 8, 2025, Defendant moved to compel arbitration of Plaintiff's claims on the basis that a valid arbitration agreement had been entered into between the parties and disputes regarding arbitrability were reserved for the arbitrator. ECF No. 12. Plaintiff responded, arguing, among other things, that Defendant had not met its burden to establish that an agreement to arbitrate had been formed because the only evidence regarding contract formation comes from the sparse information provided in the declaration of the founder of the Defendant, Edward Craven. ECF No. 25 at 4–9. Craven's declaration provides an analysis of the agreement based on his interpretation of historic code which is no longer supported by third-party software libraries and cannot be easily viewed or provided to the Court. ECF No. 28-1 ¶ 9. Plaintiff requests, in the alternative, that the Court grant Plaintiff leave to conduct discovery into contract formation. ECF No. 25 at 9 n. 7.

The Court finds that discovery into contractual formation is warranted here. No discovery has been taken to date. However, whether or not an agreement to arbitrate was formed by an online agreement like the one at issue here requires "a fact-intensive legal analysis." *Domer v. Menard, Inc.*, 116 F.4th 686, 695 (7th Cir. 2024) (applying Wisconsin law but noting elsewhere that the choice of law was likely not dispositive to questions of contract formation); *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034-35 (7th Cir. 2016) ("This is a fact-intensive inquiry: we cannot

presume that a person who clicks on a box that appears on a computer screen has notice of all contents not only of that page but of other content that requires further action (scrolling, following a link, etc.). Indeed, a person using the Internet may not realize that she is agreeing to a contract at all, whereas a reasonable person signing a physical contract will rarely be unaware of that fact.").

Accordingly, discovery into the issue of contract formation will simplify the current dispute and best position the Court to make the necessary fact-intensive inquiry into whether a contract was entered into. *Hamera v. Best Buy Co.*, No. 24 C 11909, 2025 WL 1823994, at *4, *7–10 (N.D. Ill. July 2, 2025) (acknowledging that discovery on the issue of a clickwrap type agreement clarified issues related to contract formation similar to those at issue here and ultimately engaging in a detailed comparison between similar agreements at issue in other cases); *Johnson v. Uber Techs., Inc.*, No. 16 C 5468, 2017 WL 1155384, at *2 (N.D. Ill. Mar. 13, 2017) (ordering discovery on contract formation in a similar circumstance where the facts about formation came only from a declaration because the question "is a fact-intensive inquiry" and there had been "zero discovery to date" with the information solely within the defendant's control).

Discovery will allow the Plaintiff to test Defendant's claims regarding the alleged agreement through, among other things, depositions of the declarant and others with knowledge and access to the relevant data, interrogatories regarding the same, and the production of the underlying data and related documents. In proposing a discovery schedule, the parties should consider whether expert testimony is required on the issue of the actual appearance of the webpages at the relevant time, given that Craven's descriptions of the webpage are based on an analysis of "historic code associated with the relevant versions of the Stake.us platform." ECF No. 28-1 ¶ 9.

SO ORDERED.                                                                   ENTERED: October 16, 2025

                                                                                              _____
                                                                                              **HON. JORGE ALONSO**
                                                                                              **United States District Judge**